UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Misc. No. 6:16-mc-8-ORL-41-TBS

In re:
SUBPOENA UPON NEJAME LAW, P. A., )
a non-party in an action pending in the U.S. District )
for the Northern District of Illinois entitled )
FIRST FARMERS FINANCIAL LITIGATION )
)
)
)
_____ )

## NEJAME LAW P.A.'S RULE 45 MOTION TO QUASH A SUBPOENA TO PRODUCE DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

**COMES NOW** NEJAME LAW, P.A. ("NeJame" or "Movant"), by and through its undersigned attorney, and submits this Motion, pursuant to Fed. R. Civ. P. 45(d)(3)(A), to quash the subject subpoena to produce documents and electronically stored information. In further support of this motion, Movant NeJame states as follows:

1. Movant is a law firm in Orlando, Florida that has represented Nikesh Patel ("Patel") and all of the so-called Patel entities, including, but not limited to, First Farmers Financial, LLC (collectively referred to as "FFF") since Patel's arrest in the Middle District of Florida in September 2014, in connection with an alleged $170 million USDA fraudulent loan scheme charged in an information filed by the U.S. Attorney's office for the Northern District of Illinois.

2. Several attorneys from the NeJame firm including Rick Jancha, Tom Sadaka, Mark NeJame and undersigned counsel filed notices of appearance in the United States District Court for the Northern District of Illinois and assumed the role of lead counsel in both the criminal case and the related civil case. While Patel later secured additional Chicago-based counsel in December 2014, Movant remained as consulting counsel to Patel and/or FFF in both the criminal case and

the related civil action, entitled, for simplicity sake, First Farmers Financial Litigation ("FFF Litigation") up through in or about the middle of January 2016.

3. On January 21, 2016, Movant received by email and overnight mail the subject subpoena from Patrick Cavanaugh, in his capacity as Overall Receiver, who had been appointed by the presiding judge in the FFF litigation pending in the United States District Court for the Northern District of Illinois on or about April 23, 2015. A copy of the subpoena and its attachments is set forth herein as Exhibit A. The return date for the subpoena is February 2, 2016, and, thus, this motion is timely.

4. NeJame is a professional association organized under the laws of Florida with offices located in Orlando, Florida, in the Middle District of Florida. Neither the NeJame firm nor any of the attorneys in the NeJame firm reside, are employed, or regularly transact business outside the Middle District of Florida. Therefore, under Rule 45(c)(2)(A), the place of compliance is required to be within 100 miles of Orlando, Florida. Accordingly, the Middle District of Florida is "the district where compliance is required" and, thus, this court has jurisdiction, and not the issuing court, pursuant to Rules 45(c) and (d) of the Federal Rules of Civil Procedure.

5. NeJame moves to quash said subpoena pursuant to Rule 45(d)(3)(A)(ii), (iii) and (iv). The three separate grounds upon which NeJame seeks to quash the subpoena are as follows: The subpoena (a) requires compliance beyond the 100 mile geographical limits; (b) requires disclosure of privileged or other protected matters; and (c) subjects NeJame to undue burden. Each of these grounds are separately discussed below:

**(A) Subpoena Requires Compliance Beyond the Geographical Limits of Rule 45(c)**

6. The subpoena is returnable at the offices of the Overall Receiver's attorneys located in Chicago, Illinois, of which this court can take judicial notice as being more than 100 miles from

the Middle District of Florida. NeJame does not maintained an office in the City of Chicago or within 100 miles of Chicago or anywhere in the State of Illinois nor do any of its attorneys reside, are employed or regularly transact business in the City of Chicago or within 100 miles of Chicago or anywhere in the State of Illinois. NeJame does not regularly transact business in the City of Chicago or within 100 miles of Chicago or anywhere in the State of Illinois.

7. The members of the NeJame firm that have appeared in either the civil or criminal case have been granted *pro hac vice* admission in the Northern District of Illinois for the purpose of representing Patel and FFF. None of these attorneys are otherwise licensed to practice law in Illinois. To the best of NeJame's knowledge, this is the first and only case in which the firm has appeared in the Northern District of Illinois or in any other state or federal court in Illinois. The subpoena is therefore invalid on its face for requiring compliance beyond the geographical limits specified in Rule 45(c)(2)(A), which provides that a subpoena may command production of documents or electronically stored information at a place no more than 100 miles of where the person resides, is employed, or regularly transacts business in person. Accordingly, on this ground alone, this court must quash the subpoena in its entirety under Rule 45(d)(3)(A)(ii).

**(B) Subpoena Requires Disclosure of Privileged or Other Protected Matter**

8. The subpoena requires the disclosure of attorney-client privilege materials as well as work product materials. See Exhibit A, Request nos. 3, 4 and 7 (calling for all documents relating to communications between NeJame and its clients, Patel and FFF). Rule 45(d)(3)(A)(iii) mandates that such a subpoena must be quashed or modified. There is no indication that Patel or any of the FFF entities that NeJame has represented have waived their respective attorney- client privileges as to their communications with NeJame. Accordingly, the subpoena must be quashed on this basis as well.

### (C) Subpoena Subjects NeJame, a Non-Party, to Undue Burden

9. A review of the 24 separately numbered Requests in the subpoena reveals an excessively burdensome demand for documents related to 70 or more entities, many of which were Patel related clients of NeJame. See Rider attached to subpoena, Exhibit A hereto. Even a cursory examination of the subpoena reveals that the 24 Requests are, at best, tedious, repetitive and overbroad as well as unabashed in their demand for attorney-client and work product privileged materials. Even if issued to a party, the subpoena appears unduly burdensome and would require production of virtually the entire file maintained by NeJame in this matter. The information sought by the subpoena has no relevance to any of the pending claims in the FFF Litigation. To fully appreciate the inappropriateness and perhaps retaliatory nature of the subpoena requires that this court be made familiar with some of the underlying operative aspects of the FFF Litigation in the Northern District of Illinois.

10. The purpose of the subpoena is to bolster the as-of-yet-unsuccessful attempt by the Overall Receiver to obtain an extension of the Overall Receivership to 7411 Investments, LLC, so as to be able to challenge the October 14, 2014 Order previously entered by the Northern District court, on joint application of Plaintiff Pennant Management, Inc. (contrary to the representation in the subpoena, Patrick Cavanaugh is not the Plaintiff in the underlying matter) and the Patel entities. That Agreed Order allowed Defendants (referring to Patel individually and the FFF entities) "to quitclaim this property [7411 International Dr., Orlando, FL] to NeJame Law [as against legal fees to be paid NeJame] without prejudice to Plaintiff's right to seek to have that quitclaim deed rescinded to the extent said property was acquired with proceeds of the Defendants' fraud." [Added]. (U.S.D.C., N.D. Ill., Case No. 14 CV 7581, Doc. 22, pp. 4-6).

4

That property, subject to a demonstration by Plaintiff of its acquisition by Defendants' fraud, and a discrete amount of cash were permitted to be used by Patel as legal fees to NeJame in both the civil and criminal cases. *Id.*

11. Pursuant to that Order, and on notice to Plaintiff (and later to the original receiver, Michael M. Nanosky, upon his appointment on November 10, 2014), the property was deeded by 7411 Investments, LLC (whose sole member is and was Patel), a non-party in the FFF Litigation and the legal owner of the property, to NeJame on October 16, 2014.

12. At no time did either Plaintiff or the original receiver move to rescind the deed.

13. None of the operative complaints filed by Plaintiff or the Intervenor-Plaintiffs in the FFF Litigation have alleged fraud on the part of 7411 Investments, LLC or made any claim that the 7411 property was obtained by any act of fraud on the part of Defendants as otherwise identified in the complaints.

14. To the contrary, as admitted by the Overall Receiver, the property was first obtained by Patel, through an affiliate, on February 23, 2012. (N.D. Ill., Case No. 14 CV 7581, Doc. 767, p. 2, par. 3). This was 16 months prior to any dealings between the Patel/ FFF entities and Plaintiff or Intervenor-Plaintiffs, according to the operative complaints. By definition, therefore, Patel could not have acquired the property with any funds belonging to either Plaintiff or Intervenor-Plaintiffs. It was on this basis of assurance that NeJame accepted the deeded property in lieu of other consideration.

15. Unhappy with this scenario, the Overall Receiver moved on December 30, 2015 to extend his receivership to include 7411 Investments, LLC so as to have standing to file a fraudulent transfer action against NeJame and have the Northern District court revisit its October 14, 2014 Order which permitted the transfer of the property to NeJame. (Case No. 14 CV 7581, Doc. 767).

In order to protect its interest in the 7411 property, NeJame moved to intervene in the Northern District of Illinois action and filed an opposition to the motion to extend the receivership. (Case No. 14 CV 7581, Doc. 813). Both motions are still pending in the Northern District court.

16.    Upon information and belief, the subject subpoena -- overly broad, invasive of privilege, and commanding compliance outside the geographical limits of Rule 45(c) -- was issued for purposes of retaliation and in complete disregard of the requirements of Rules 45(c) and (d). To subject a non-party to such an overly burdensome demand for documents and electronically stored information in the absence of an underlying lawsuit against the recipient of the subpoena, in an attempt to obtain information so as to be able to file such a suit, is a gross misuse of the subpoena authority granted under Rule 45 and in direct violation of the rule's limitations, particularly as to how those limitations relate to parties and especially non-parties in districts other than the district of issuance. The subpoena is a classic example of a fishing expedition, except the Overall Receiver's fishing pole is in the wrong pond.

17.    While the underlying issues in the FFF Litigation will be resolved by the U. S. District Court for Northern District of Illinois, this court can resolve the challenges to the subpoena which are relatively straightforward. Movant NeJame does not consent to the transfer of this motion to the court where the underlying action is pending under Rule 45(f) nor do "exceptional circumstances" exist for such transfer.

18.    NeJame has incurred legal fees and costs in the bringing of this motion.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION

"The rule text and Advisory Committee's note make clear ... that subpoena-related motions should be heard in the court where compliance is required"... so that local nonparties "be burdened as little as practical by litigation in which they are not involved and local resolution of the motion

the motion will typically impose a lighter burden." *Wood ex rel. United States v. SouthernCare, Inc.*, 303 F.R.D. 405, 407 (S.D. Ala. 2014). "The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena related motions." Fed. R. Civ. P. 45(f) advisory committee's note (2013).

Rule 45(c)(2)(a) requires compliance with the subpoena at a place within 100 miles of where the person resides, is employed, or regularly transact business in person. "The Advisory Committee rightfully found that this requirement sufficiently protects nonparties from undue burden in responding to subpoenas by ensuring local resolution of disputes." 303 F.R.D. at 407. "To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions should be made in the court in which compliance is required under rule 45(c)." *Id.* at 408 (quoting Fed. R. Civ. P. 45(f) advisory committee's note (2013)).

Without question, the subpoena should have been made returnable somewhere in the Middle District of Florida within 100 miles of Orlando. The fact that the subpoena was made returnable to the Overall Receiver's attorneys' office in Chicago, in a transparent effort to control in the Northern District of Illinois any ensuing litigation over that subpoena, amounts to pure forum manipulation. *Id.* at 408. To tolerate that effort, would only encourage and reward such misconduct. "Rule 45(c) is the clear avenue to challenge the location, and that rule offers sufficient protection from [such] gamesmanship" *Id.* [Added].

This court should hear the challenge to the subpoena and grant the relief requested below by Movant.

Rule 45(d)(1) states that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attorney fees - on a party or attorney who fails to comply." Such sanctions are clearly warranted in this matter. A federally appointed receiver or his attorney is not above the rules.

**WHEREFORE,** Movant NeJame respectfully requests that the subpoena be quashed in its entirety on each of the grounds alleged and award Movant its attorney fees and costs, as well as impose such additional sanctions as may be appropriate for noncompliance with Rules 45(c) and (d).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of February, 2016, I electronically filed the foregoing document with the Clerk of this Court using CM/ECF. I also certify that the foregoing document is being served via email and United States Mail to Steven B. Towbin, Esquire, Shaw Fishman Glantz & Towbin LLC, 321 N. Clark, Suite 800, Chicago, Illinois 60654, at stowbin@shawfishman.com. I also certify that I electronically filed Notice of Filing the foregoing NeJame Law P.A.'s Rule 45 Motion to Quash Subpoena with the Clerk of the Northern District of Illinois Court, in Case No. 14 CV 7581, using CM/ECF and also certify that such Notice of Filing is being served this day on all counsel of record in that case via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _____
Stephen J. Calvacca
Fla. Bar No. 561495
civilservice@nejamelaw.com
stephen@nejamelaw.com
NeJame Law, P.A.
189 S. Orange Avenue, Suite 1800
Orlando, FL 32801
Phone: 407-500-0000
Fax: 407-245-2980
Attorney for NeJame Law, P.A.